IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 11 2015
BY_____ARTHUR JOHNSTON

STACIE NICHOLE DUNN                                     PLAINTIFF

vs.                                                      CAUSE NO. 3:15cv352DPJ-FKB

LAUDERDALE COUNTY, KEN DULANEY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A LAUDERDALE COUNTY
SHERIFF'S DEPUTY, AND WILLIAM D. (BILLY)
SOLLIE IN HIS OFFICIAL CAPACITY AS SHERIFF
OF LAUDERDALE COUNTY, MISSISSIPPI
AND JOHN DOE DEFENDANTS ONE
THROUGH TEN                                DEFENDANTS

## VERIFIED COMPLAINT

COMES NOW Stacie Nichole Dunn, and files this, her Verified Complaint against Lauderdale County, Ken Dulaney, Individually and in his Official Capacity as a Lauderdale County Sheriff's Deputy, and William D. (Billy) Sollie in his official capacity as Sheriff of Lauderdale County, Mississippi and John Doe Defendants One through Ten, and for good cause would show the following:

### I. The Parties

1.      Plaintiff Stacie Nicole Dunn is an adult resident citizen of Lauderdale County, Mississippi, suffering under no legal disabilities, whose address is 5321 Fisher Road, Meridian, MS 39301 and who may be served with process of the Court in this cause of action through her undersigned attorney of record.

2.      Defendant Lauderdale County, Mississippi is a political subdivision of the State of Mississippi whose principal place of business is located at 410 Constitution Avenue,

Meridian, MS 39301 and upon which process of the Court may be obtained through service on the president of the Lauderdale County Board of Supervisors.

3. Defendant Ken Dulaney, individually and in his official capacity as a Lauderdale County sheriff's deputy, is an adult resident citizen of Mississippi, suffering under no known legal disabilities, and who may be served with process of the Court at his office address located at 410 Constitution Avenue, Meridian, MS 39601.

4. Defendant William D. (Billy) Sollie is an adult resident citizen of Lauderdale County Mississippi, suffering under no known legal disabilities, and who may be served with process of the Court at his office address located at 410 Constitution Avenue, Meridian, MS 39601.

5. Unknown John Doe Defendants One through Ten are fictitious parties representing real parties in interest unknown by name to the plaintiffs at the time of the filing of this pleading after due and diligent inquiry, and who may be named as they are identified through the course of investigation and discovery in this cause of action.

## II. Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of the claims asserted herein and personal jurisdiction over all parties hereto by virtue of the terms of 28 USC §1331 as the claims herein arise under the auspices of 42 USC §1983.

7. The jurisdiction of this Court is further invoked to secure protection against and redress of infringement of certain rights and privileges provided by the provisions of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the terms of 42 USC §1983.

8. Venue is proper as the wrongful acts of the Defendant(s) complained of herein occurred wholly or substantially within the confines of the physical boundaries of Lauderdale County, Mississippi, which is located within the jurisdiction of the Eastern Division of the United States District Court for the Southern District of Mississippi, and all named Defendants are domiciled within the borders of said county.

9. The judgment sought in this action exceeds this Court's minimal civil jurisdictional threshold for award of money damages.

### III. Background Facts and Allegations

10. On or about October 2, 2013, Plaintiff Stacie Nicole Dunn (hereinafter "*Ms. Dunn*") was at the home of a friend in Lauderdale County Mississippi lying in bed with covers pulled over her head when agents of the East Mississippi Drug Task Force, including Agent Ken Dulaney (hereinafter "*Deputy Dulaney*"), burst into the home with weapons drawn.

11. At all times complained of herein Deputy Dulaney was employed as a deputy sheriff by and was acting as an agent of the Lauderdale County Sheriff's office.

12. The door to the room where the Plaintiff was lying abed was closed but unlocked at the time of the agents' entry. Nevertheless, the agents violently kicked in the unlocked door and proceeded into the room, whereupon Deputy Dulany shot Ms. Dunn. The Plaintiff, an innocent citizen not engaged in any illegal activity, and not armed, was shot through the hand. A second shot was on information and belief discharged by Deputy Dulany or another agent into some other part of the room.

13. The Plaintiff, who was not engaged in illegal activity and who posed no threat, real or apparent, to the law enforcement officers who assaulted her, suffered great bodily harm as the result of the gunshot to her hand.

14. Furthermore Deputy Dulaney, after shooting the unarmed Plaintiff, violently pulled her from the bed as she bled profusely from the gunshot wound, handcuffed her and dragged her by the handcuffs down the hallway of the residence, through the door and outside the building, greatly exacerbating the injury to her hand.

15. The injury to the Plaintiff's hand was further aggravated by the Defendants' careless disregard in failing to provide or procure timely medical attention for Ms. Dunn's obviously serious injury. No medical attention was sought at any time for Plaintiff.

16. The Plaintiff will show that the Defendants had no probable cause to burst into the room where she slept, much less to shoot her.

17. The Plaintiff will further show that Deputy Dulaney's deliberate and reckless indifference in failing to properly control his deadly weapon directly and proximately caused or contributed to cause the Plaintiff's injuries.

18. The Plaintiff will further show that her arrest and detention was unlawful and that she incurred injuries therefrom for which she should be allowed to recover.

19. The Plaintiff will further show that Deputy Dulaney was not properly trained in tactical entry techniques and that consequently his assignment to the Drug Task Force by Defendant Sheriff Billy Sollie (hereinafter "*Sheriff Sollie*") to a mission to which he was grossly unqualified and unsuited constituted a careless disregard and deliberate indifference for the welfare for innocent public members of the public such as Ms. Dunn that proximately resulted in the injuries sustained by the Plaintiff as complained of herein.

### IV. Causes of Action

20. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 19.

## Count 1. Battery

21. At the time of the wrongful arrest, Defendant Dulany did batter the Plaintiff by physically injuring her by shooting her in the hand and then handcuffing her, dragging her down the hallway and out of the home, violating the Plaintiff's interest in being free from harmful or offensive contacts with her body.

22. As a direct and proximate result of the Defendants' acts and omissions as complained of herein, Ms. Dunn sustained serious physical injuries and will show that under applicable law that she may recover damages for those injuries as well as for the suffering they caused.

## Count 2. Negligent Selection, Hiring and Retention

23. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 22.

24. In their failure to properly select and employ law enforcement personnel of an appropriate character, demeanor and temperament and possessed of the requisite skills to ensure the safety of the innocent members of the public within their jurisdiction, Sheriff Sollie and the Lauderdale County Sheriff's Department endangered the citizens of Lauderdale County and foreseeable injury resulted to Ms. Dunn for which she should be allowed to recover.

25. Sheriff Sollie and the Lauderdale County Sheriff's Department were directly negligent in their deficient screening, hiring and employment of Deputy Dulaney, and as a direct and proximate result the Plaintiff suffered the foreseeable harm described herein.

26. Sheriff Sollie and the Lauderdale County Sheriff's Department were further negligent in assigning Deputy Dulaney to the East Mississippi Drug Task Force, to perform duties of a dangerous nature to which he is not suited and for which he was not prepared.

27. Through the conduct of Deputy Dulaney prior to his encounter with the Plaintiff on October 2, 2013, Sheriff Sollie and Lauderdale County had ample notice that Deputy Dulaney lacked the appropriate training, experience, skills, intellect and temperament to be entrusted with the tasks assigned to him within the East Mississippi Drug Task Force and were thus negligent in retaining the said Deputy Dulaney in such a position of responsibility.

## Count 3. Negligent Training and Supervision

28. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 27.

29. In their failure to properly train Deputy Dulaney in his duties as a member of the East Mississippi Drug Task Force, including but not limited to instructing Deputy Dulaney on policies and procedures for interacting with the public, on identifying threats, on dynamic entry techniques, on elements of a use of force continuum applicable to employment of lethal weapons, on protocols for the use lethal weapons and on basic safety measures, Sheriff Sollie and the Lauderdale County Sheriff's Department endangered the citizens within their jurisdiction and foreseeable injury resulted to Ms. Dunn for which she should be allowed to recover.

30. In omitting to properly oversee the activities of Deputy Dulaney, including but not limited to their failure to respond to prior complaints giving actual notice of Deputy Dulaney's dangerous behavior, Sheriff Sollie and the Lauderdale County Sheriff's Office endangered the citizens of their jurisdiction and foreseeable injury resulted to Ms. Dunn for which she should be allowed to recover.

## Count 4. Negligent Entrustment

31. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 30.

32.     In issuing or otherwise allowing Deputy Dulaney to wield dangerous and lethal weapons while assigned as a member of the East Mississippi Drug Task Force without necessary training and safeguards, Sheriff Sollie and Lauderdale County abandoned ordinary prudence and negligently endangered the citizen of their jurisdiction, causing foreseeable injury to be sustained by Ms. Dunn for which she should be permitted to recover.

### Count 5. Deprivations of the Plaintiff's Civil Rights

33.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 32.

34.     On or about October 2, 2013, Plaintiff was lawfully present in Lauderdale County, Mississippi at a home of a friend. Plaintiff was lying in bed with the bed covers over her head. Although she was not engaged in any unlawful activity, the Plaintiff was singled out, shot, handcuffed, manhandled, dragged and arrested by Agent Dulaney with deliberation and malice and without probable cause to support the drug offense charges subsequently filed against her.

35.     These acts described herein constitute violations of the Plaintiff's constitutional rights pursuant to the provisions of the Fourth, Fifth, Sixth, Eighth, Twelfth and Fourteenth Amendments of the Constitution of the United States.

### Count 6. Gross Negligence

36.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 34.

37.     In creating and sustaining the environment in which the violent and potentially deadly acts described herein were perpetrated, the Defendants acted with actual malice or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others.

38. As a direct and proximate result of the Defendants' said grossly negligent acts and omissions, Ms. Dunn was caused to suffer severe physical injuries for which she should be permitted recovery in this cause of action.

### V. Claim for Compensatory Damages

39. Plaintiff hereby re-alleges and incorporated by reference all the allegations and statement of fact set out in paragraphs 1 through 38 hereinabove.

40. Because of the actions described herein of the Defendants which evidenced deliberate and reckless indifference to the rights of Plaintiff, an innocent person not engaged in criminal activity at the time of her arrest and injury by Agent Dulaney, and which was undertaken under color of law and by virtue of Defendant's authority as an Agent for the East Mississippi Drug Task Force, the Lauderdale County Sheriff's Department and Lauderdale County, the Plaintiff is entitled to recover damages.

41. The Plaintiff alleges that she is entitled to recover from the Defendants jointly and severally, which Defendants injuries proximately caused, damages allowable in the following manners and respects:

   a. Pain and suffering;

   b. Mental anguish;

   c. Emotional distress;

   d. Loss of enjoyment of life, hedonic damages;

   e. Court costs;

   f. Pre- and post-judgment interest calculated at the maximum rate allowed by law;

   g. All other damages arising from the arrest of Plaintiff, including by not

limited to, a reasonable sum for attorney's fees and costs in accordance with the terms of 42 U.S.C. § 1999.

### VI. Claim for Punitive Damages

42. The plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs 1 through 41.

43. The conduct of the Defendants complained of herein is so extreme and outrageous in the circumstances and its degree of reprehensibility is such when considered in conjunction with the existence and frequency of similar past conduct as to warrant the imposition of punitive damages, both to discourage these named defendants from any such activity in the future and to deter others similarly situated from engaging in like conduct to the harm and detriment of innocent parties such as Ms. Dunn.

### VII. Verification

44. By notarized certification attached hereto as Exhibit "A" and incorporated herein by reference, Stacie Nicole Dunn attests to the content of this pleading as true and correct to the best of her own personal knowledge after diligent inquiry and investigation.

### VIII. Demand for Jury Trial

45. The Plaintiff hereby requests trial by jury pursuant to the provisions of Rule 38 of the Federal Rules of Civil Procedure and as her inviolate right under the protections of the Constitution of the United States of America.

### IX. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Stacie Nicole Dunn prays that process be issued and demands judgment against Defendants Lauderdale County, Ken Dulaney, Individually and in his official capacity as a Lauderdale County Sheriff's Deputy, and Billy

Sollie in his official capacity as sheriff of Lauderdale County, Mississippi and John Doe Defendants One through Ten, for violations of her constitutionally protected civil rights and her physical injuries stemming therefrom; gross negligence; and intentional tortious conduct in having been the actual and legal cause of the said Plaintiff's injuries. The Plaintiff demands for judgment against all defendants named herein, including any proper defendants as yet unknown, in any amount that a fair and impartial jury deems appropriate and just in this cause of action, as well an assessment of all costs of court, litigation expenses and attorneys' fees against said defendants, and prays further that the Court hold an evidentiary hearing for the award of punitive damages against the Defendants. And finally, the Plaintiff prays for all additional, further or alternative relief commanded in the circumstances by applicable principles of law and equity.

THIS, the 7th day of May, 2015.

Respectfully submitted,

**STACIE NICOLE DUNN**

BY: _____
J. Stewart Parrish, MB #10833
F. Gregory Malta, MB # 9743
Post Office Box 912
Brookhaven, Mississippi 39601
Telephone: (601) 990-2999
Facsimile:    (601) 453-4884
Email: gregmalta@gmaltalaw.com

**OF COUNSEL FOR PLAINTIFF**