UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STACIE NICHOLE DUNN                                                                                    PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:15CV352 DPJ-FKB

LAUDERDALE COUNTY, KEN DULANEY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
WILLIAM D. (BILLY) SOLLIE IS HIS OFFICIAL
CAPACITY AS SHERIFF OF LAUDERDALE COUNTY,
AND JOHN DOE DEFENDANTS 1-10                                                           DEFENDANTS

ORDER

This § 1983 case is before the Court on Defendant Ken Delaney's Motion for Summary Judgment [10] pursuant to Federal Rule of Civil Procedure 56. Plaintiff Stacie Nichole Dunn responded in opposition. The Court, having considered the submissions of the parties, finds that Delaney's Motion [10] should be granted.

I.      Facts and Procedural History

On October 2, 2013, agents with the East Mississippi Drug Task Force executed a search warrant and entered a home in Lauderdale County, Mississippi, where Plaintiff Stacie Nichole Dunn was "lying in bed with the covers pulled over her head." Compl. [1] at 3. According to the Complaint, agents kicked in the unlocked bedroom door, and Defendant Ken Delaney, a deputy with the Lauderdale County Sheriff's Department, shot Dunn in the hand. *Id.* Delaney then allegedly "pulled her from the bed as she bled profusely from the gunshot wound, handcuffed her and dragged her by the handcuffs down the hallway of the residence, through the door and outside the building, greatly exacerbating the injury to her hand." *Id.* at 4. Dunn was charged with possession of methamphetamine, but those charges were later dismissed. Pl.'s Resp. [16] at 2; Def.'s Mot. [10], Ex. D [10-4] (Indictment).

Dunn filed the instant action against Delaney, in his individual and official capacity; Lauderdale County; and Sheriff Billy Sollie, in his official capacity. She asserts a deprivation of her civil rights under 42 U.S.C. § 1983 and various state-law claims, including battery; negligent selection, hiring, retention, training, supervision, and entrustment; and gross negligence. Compl. [1] at 5 8.

On July 20, 2015, Delaney filed this Motion seeking summary judgment in his favor as to all claims. When Dunn did not respond, the Court entered an Order to Show Cause. Dunn responded, apologizing for mis-calendaring the due date, and filed a late Response to the Motion for Summary Judgment. In reply, Delaney urges the Court to strike the Response as untimely and grant his Motion as unopposed. The Court declines to adopt that approach, has considered Dunn's delinquent Response, and concludes that Delaney's Motion should be granted.

II.   Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate specific facts showing that

2

there is a genuine issue for trial." *Id.* at 324 (citation and internal quotation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

Rule 56(c)(1) states that a party asserting that a fact "is genuinely disputed must support the assertion by: (A) *citing* to *particular parts* of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." (emphasis added). And Rule 56(c)(3) now states that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Finally, "[i]f a party fails to properly support an assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials including the facts considered undisputed show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(3). With this standard in mind, the Court turns to Delaney's Motion.

III.     Analysis

Delaney moved for summary judgment on all claims against him. He contends that there is no evidence he violated Dunn's constitutional rights and her state-law claims are barred by various provisions of the Mississippi Tort Claims Act.

    A.     Federal Claims

In her Complaint, Dunn asserted claims under the Fourth, Fifth, Sixth, Eighth, Twelfth, and Fourteenth Amendments in her Complaint. Compl. [1] at 7. But in Response to Delaney's motion, Dunn only referred to the accidental shooting, which would fall under the Fourth

Amendment. *See* Pl.'s Resp. [16] at 2 ("Delaney . . . shot and wounded the Plaintiff during the course of the execution of a search warrant."); *id.* at 3 ("The Plaintiff would argue that her right to be secure from the infliction of serious bodily injury is a clearly established entitlement in this jurisdiction."); *see also Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. 2013) (analyzing accidental shooting under the Fourth Amendment). As a result, the Court finds that she has abandoned all other federal claims against Delaney. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment.").

      1.    Qualified Immunity

As to Dunn's Fourth-Amendment claim of excessive force, Delaney submits that he is entitled to qualified immunity under 42 U.S.C. § 1983. Section 1983 precludes deprivation of a right "secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983; *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). When a defendant asserts qualified immunity, the plaintiff has the burden to rebut the defense. *Hamptom v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007). In the summary-judgment posture, the Court "looks to the evidence before it (in the light most favorable to the plaintiff.)"

*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (internal quotation marks omitted)).

Courts use a two-step analysis to determine whether qualified immunity applies. "[A] court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, if a violation has been alleged, the Court must determine "whether [the officer's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* (alteration in original). It is within the lower court's discretion to decide which prong of the qualified immunity analysis to address first. *Collier*, 569 F.3d at 217 (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

"The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001) (citations omitted). Thus, "[a]n official is eligible for qualified immunity even if the official violated another's constitutional rights." *Id.* (citations omitted). Whether the official acted with objective reasonableness is an issue of law reserved for the Court. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

  2.  Fourth Amendment

"Fourth Amendment violations occur only through intentional conduct." *Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. 2013) (citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989)). A negligent, accidental shooting does not violate a plaintiff's Fourth Amendment rights.

*Id.* (collecting cases).

Here, it is undisputed that Delaney, along with other agents, executed a search warrant on the property based on a controlled sale of methamphetamine. Def.'s Mot. [10], Ex. A [10-1] (Search Warrant); *see also* Pl.'s Resp. [16] at 2. Delaney had information that weapons were also on the premises, so he and the other officers moved from room to room with guns drawn securing the home. Def.'s Mot. [10], Ex. B [10-2] at 2  4 (Delaney Statement).[1] Delaney explained that as he was entering the bedroom, his foot caught on the carpet at the threshold, he stumbled, and his gun discharged. *Id.* at 4. He then saw Dunn in the bed, pushing back the covers, though there was very little light. *Id.* He described what happened next,

> I got her standing up [ ] because of the discharge I wanna make sure she was okay. I asked her if she was okay [ ] she responded yes. She said my hands cramping. I said is that all it is. "My hand's cramping." I said okay. I placed her in handcuffs. I briefly checked her to make, to try to make sure she wadn't [sic] injured. . . . She said again that her hand was cramping or I believe she said I have blood on my hand. I reached down to check again after she was in cuff, [ ] when I moved her hand to try to see if she was injured, when I pulled my hand back I did have a small amount of blood on my hand. So we moved her, or I moved her outta the room through the residence toward the front door so I could get into the light so I could better see. Once I got her outside I realized that she was shot basically in the side of the hand just above her wrist. . . . I carried her over to Chief Deputy Calhoun, I advised him of what happened, advised her she was injured that she had a gunshot wound to the hand. I turned her over to him there outside the residence for him to call Metro and get her medical assistance.

*Id.* at 5. Delaney also specified that Calhoun removed the handcuffs. *Id.*

In Response, Dunn does not present any evidence to contradict this statement, or any evidence at all. She merely sets out the two-part test for qualified immunity and states in a conclusory fashion that "the level of Deputy Delaney's incompetence that proximately caused her

---

[1] Delaney's Statement is a transcribed interview conducted by Mississippi Bureau of Investigation's Agent Eric Johnson on October 3, 2013.

injuries is a material issue of fact to be decided by a jury." Pl.'s Resp. [16] at 3. But Dunn must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324 (citation omitted). Conclusory allegations, speculation, and unsubstantiated assertions are no substitute and will not create a triable issue. *TIG Ins. Co.*, 276 F.3d at 759. Rule 56(e) of the Federal Rules of Civil Procedure now states that if a "party fails to properly support an assertion of fact . . . the court may: . . . (2) consider the fact undisputed for purposes of the motion." Here, Dunn offers no evidence that could create a question of fact.

Accordingly, the Court finds that Delaney has presented uncontroverted evidence that the shooting was accidental, not intentional, and does not rise to the level of a constitutional violation. He is therefore entitled to qualified immunity. *See Watson*, 532 F. App'x at 457; *Baskin v. City of Houston, Miss.*, 378 F. App'x. 417, 418 (5th Cir. 2010) (affirming summary judgment where officer accidentally discharged his weapon during a scuffle); *McCoy v. City of Monticello*, 342 F.3d 842, 847 49 (8th Cir. 2003) (reversing district court's denial of qualified immunity where officer's gun discharged when he slipped on ice).

Moreover, to the extent Dunn is challenging Delaney's conduct before, during, or following the shooting, even assuming a constitutional violation has been alleged, Delaney's unrebutted statement shows that he acted reasonably under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 97 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense,

uncertain, and rapidly evolving    about the amount of force that is necessary in a particular situation."). Summary judgment as to Dunn's Fourth-Amendment claim is granted.

      C.      State-Law Claims

Delaney also sought dismissal of Dunn's state-law claims as barred by Mississippi Tort Claims Act one-year statue of limitations and immunity provisions. Dunn failed to respond to these otherwise meritorious arguments. Accordingly, the Court finds these claims have been abandoned, and summary judgment is appropriate. *See Black*, 461 F.3d at 588 n.1.

III.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the outcome. Based on the foregoing, the Court finds that Delaney's Motion for Summary Judgment [10] should be granted.

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2015.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE